IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MISSOURIANS FOR FISCAL ACCOUNTABILITY, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. 14-4287-CV-C-ODS ) |
| JAMES KLAHR, in his official capacity as Executive Director of the Missouri Ethics Commission, | ) ) ) ) |
| Defendants. | ) ) |

## ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION

This lawsuit challenges Section 130.011 of the Revised Missouri Statutes, which restricts the operations of a "campaign committee." In pertinent part, the statute provides as follows:

> a committee, other than a candidate committee, which shall be formed by an individual or group of individuals to receive contributions or make expenditures and whose sole purpose is to support or oppose the qualification and passage of one or more particular ballot measures in an election . . . shall be formed no later than thirty days prior to the election for which the committee receives contributions or makes expenditures . . . .

Section 130.011 thus creates a blackout period during which a campaign committee cannot collect or expend funds. This blackout period exists for the first thirty days of the campaign committee's existence. Plaintiff, which was formed on October 22, asserted a First Amendment right to collect and expend funds to support an issue on the ballot for the November 4, 2014, election.

The election occurred two days ago, and this appears to have rendered the case moot. Plaintiff can no longer advocate in support of ballot issues from the election, and the Court can no longer grant any effective relief. This renders the case moot, which requires the Court to dismiss for lack of jurisdiction. E.g., Ali v. Cangemi, 419 F.3d 722,

723 (8th Cir. 2005). The Court is further of the view that the exception to mootness for disputes that are capable of repetition yet evade review does not apply. "A dispute falls into that category, and a case based on that dispute remains live, if '(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again.'" Turner v. Rogers, 131 S. Ct. 2507, 2515 (2011) (quoting Wienstein v. Bradford, 423 U.S. 147, 149 (1975) (per curiam)). There is no reasonable expectation that Plaintiff will be subjected to the restrictions of section 130.011 again because there are no other elections occurring within thirty days of Plaintiff's formation; Plaintiff already "exists," and by the time of the next election the statute's proscription will not apply to Plaintiff.

    The parties shall have fourteen days to show cause why the case should not be dismissed for lack of jurisdiction. If the parties are not in agreement, they shall have fourteen days thereafter to respond.

IT IS SO ORDERED.

DATE: November 6, 2014

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT

2